## ASTON vs. MORGAN.

MOTION for leave to amend.

THE original petition stated in substance, that the defendant, formerly of Philadelphia, but now of New-Orleans, being before that time indebted to the plaintiff £4000 Pennsylvania currency, the plaintiff, on the      day of      1808, recovered a judgment for the said sum in the court of Common Pleas of Philadelphia, which judgment is unsatisfied and unreversed—and that the said sum is now due—Wherefore, &c.—and concluded with a prayer for general relief. The motion was for leave to file an amendment to the petition, which stated in substance—that the debt for which the defendant was formerly indebted as aforesaid, was incurred on the 7th day of July, 1796, on which day the defendant, with two others, obliged themselves, jointly and severally, by their certain bond or writing obligatory, &c. (which is hereto annexed, and prayed to be taken as a part of this petition), to pay to the plaintiff, &c. £4000, which, when due,

*Amendment after answer.*

FALL, 1810.
First District.

ASTON
vs.
MORGAN.

not having been paid, &c. and the said defendant having departed the state of Pennsylvania, without having made provision therefor, the plaintiff instituted a suit against the defendant by foreign attachment, in the court of Common Pleas of Philadelphia, in which the judgment herein before mentioned was rendered against the defendant—but that the defendant having no property known to the plaintiff in Philadelphia, wherewith the said debt could be satisfied, the said debt is wholly unpaid and due. "Where- "fore your petitioner prays the aid and advice " of the court in the premises, and that for the " said debt, created as aforesaid, and for the re- " covery whereof the proceedings aforesaid, in " the court of Common Pleas aforesaid, have " been had, he may have judgment, and if, upon " examination of the said proceedings, the court " should be of opinion that the same are, from " any cause, invalid, or insufficient, to be a foun- " dation for the judgment of this court, that then " your petitioner may have judgment for the said " debt upon the said bond, or writing obligatory, " upon which the said proceedings were original- " ly grounded."

*Smith* for the plaintiff.

I. As to the fitness of the amendment itself.

THIS court acknowledges no specific forms of action, whether of the common or civil law. It asks of a party only a full and fair statement of his demand ; it will even aid him in framing it, so

far as it may consistently with the substantial rights of the opposite party, and will, if possible, decide, in the first instance, according to the equity of the case, without suffering justice to be entangled in forms—judgment may be regularly rendered upon the petition so amended.—The amendment corresponds with the truth of the case —it sets forth the origin of the debt, only with more particularity of dates and circumstances, and concludes with a prayer for relief with a double aspect—*Mitford* 39, 1 *Atkins* 325.    The defendant need not even alter his plea, [which is the general issue " That he is not indebted, &c."] as might have been necessary if his plea had been special.    The proceedings on the foreign attachment in Pennsylvania are, alone, a sufficient foundation for the judgment of this court, or they are not—if sufficient, then judgment may well be rendered upon the whole case, as it will now appear, setting forth the foundation of those proceedings with more minuteness, and containing a prayer for relief in the alternative.    If insufficient, justice requires that the plaintiff should recover his debt in some form, and the amendment asks only particularly for that which, perhaps, might be granted under the general prayer.

But if the amendment be refused, the plaintiff may discontinue and commence *de novo*, a course which would subject him only to further expense and delay, without advantage to the defendant.

Z

FALL, 1810.
First District.

ASTON
*vs.*
MORGAN.

FALL, 1810.
First District.

ASTON,
vs.
MORGAN.

II. Is it any objection to this amendment, that the cause is at issue.

THE general rule that governs even the stricter practice of the courts of Great Britain, on the subject of amendments, is that they shall be granted, òr refused, as may best tend to the furtherance of justice—*7th T. R.* 703—with these exceptions only, that the amendment be not wholly foreign to the case, that the plaintiff has not been guilty of any unusual delay, or vexatious practice—that the defendant be not surprised or oppressed—[the latter exceptions to the operation of the rule will not be urged in this case.]

ON this principle, in chancery, if, after answer, the plaintiff thinks his bill not framed to suit his case, he may obtain leave to amend and adapt it to his case as he is advised—*Mitford* 263. So, too, after a cause has been at issue, witnesses examined, and publication passed, a plaintiff has been permitted to amend by adding a prayer omitted by mistake.—*Mitford* 263, *referring to* 3 *Atk.* 583.

IN the case of the executors of *Marlborough* vs. *Widmore*, after plea of the statute of limitations pleaded, the declaration amended so as to charge the promise to have been made to the executor, instead of the testator—*2d Stra.* 890. So in *Rex.* vs. *Armstrong*, after issue joined and the cause had been carried down to trial, and not tried merely from pressure of business at the

assizes—plea withdrawn and substantially chang-
ed.  *Andrews* 113.

IN *Rex.* vs. *Wilkes*, 4 *Burr.* 2568, information
amended after plea pleaded, and this may be
done though the defendant is thereby compelled
to alter his defence—*same case, page* 2572, *Justice
Aston.*   In *Cross* vs. *Hayen*, 6 *T. R.* 543-4, penal
action, leave was granted to amend the declara-
tion after the cause was carried down to trial,
and after the time limited for bringing a new ac-
tion had expired.

IN *Petre* vs. *Kraft*, 4 *East.* 433, a penal action
on the statute against bribery, leave was given
to change the venue after issue joined, and after
the time limited for bringing a new action, though
without affidavit, that it was the same fact for
which the action was originally brought.

*Dover* vs. *Maester, Ibm.* 435. the same point de-
cided.

THE doctrine, that there must be something to
amend by, is a nicety now exploded in the courts
of Great-Britain.

*Mullett* vs. *Denny*, 2 *Stra.* 806, amendment
may be made though there be nothing to amend
by.

*Wilder* vs. *Handy, Ibm.* 1151, same point and
after verdict.

*Marshal* vs. *Biggs, Ibm.* 1162, same point—also
1 *Stra.* 583. leave given to file a new bill to a-
mend by.

7 *T. R.* 299, 300, an original may be amended.

THE following authorities were also cited in support of the amendment—1 *Burr.* 39.7, *Rex.* vs. *Philips.* 7 *T. R.* 55.

*Tomlinson and another* vs. *Blacksmith*, 7 *T. R.* 132. *Bishop* vs. *Stacy*, 2 *Stra.* 954. *Ayers* vs. *Wilson*, *Doug.* 385. 2 *Doug.* 544. *Cowper* 843. *Washington* 318. 2 *Burr.* 755, *Aldon* vs. *Chip. and* 2 *Burr.* 1099, *Bonfield qui tam* vs. *Milner.*

*Ellery* and *Duncan* for defendants. IT is difficult exactly to know the principles which governed the practice of the Spanish tribunals upon the subject of amendments, as they had no reporters, and we are favored with no adjudged cases ; and from the difference also of our proceedings, it may not, perhaps, be possible to find in that quarter opposite principles. At all adventures, had any principle or precedent there existed in favor of the proposed amendment, the industry of the counsel would have discovered it. Let us then look to those courts from which our forms of proceedings are copied, or to which they are closely assimilated, and to which also we are referred. In courts of chancery, great liberality upon the subject of amendment has always been indulged, and every necessary aid is there given to parties, in suffering them so to shape and model their proceedings, as will best adapt them to their case. But this principle has its limits : there is, in every cause, a point, where no substantial amendments can be

introduced, or change of the proceedings be suf-
fered ; and this is, after publication passed, and
the cause set down for hearing.   At this period,
it will be found, that all amendments are exclud-
ed, except that of correcting mistakes, clerical
omissions, or adding new or proper parties, but
no new changes can then be introduced, nor any
new material fact put in issue, which was not
before in the cause. 1 *Har. Chan.* 94, 3 *Atk.* 371.
*Goodwin* vs. *Goodwin.*    *Dig. Chan. Rep.* 374.
The party, however, has always his remedy, by
a supplemental bill, or after a decree, by a bill
of r eview.   Neither is this principle affected by
the authorities produced on the part of the pe-
titioner : they apply generally to amendments
made in a more early stage of the proceedings,
or to the rectification of errors, or the insertion of
matter omitted by mistake, like the prayer of a
petition, which, perhaps, the court itself would
have rectified or supplied.   The amendment is
contended to be a fit one, and the time reasona-
ble, within which it ought to be introduced : but
the fitness of it may well be questioned, and the
late period when it is brought forward, even if
intrinsically proper, would now render it unfit.
About a year has elapsed since the filing of the
petition, the issue has been joined, the answer
filed, and the cause marked for hearing.   Cannot
this be deemed an unreasonable delay, and will
not the court be scrupulous in admitting an a-
mendment, after so great a lapse of time, and

FALL, 1810.
First District.

ASTON
*vs.*
MORGAN.

in so late a stage of the cause? Again, does the amendment proposed to be made, consist of any new matter discovered subsequent to the institution of the suit? No, the bond which is wished to be made part of the pleadings, has always been in the power of the petitioner; shall he be permitted, with no show of diligence, to depart from the uniform practice of the courts? If the introduction of this bond is so important, is there no other way, by which he may be benefitted by it? Can he not discontinue and institute a fresh suit in a form more to his mind? And as there is no seizure, attachment, or bail in the present case, he will lose no security by a discontinuance. Neither in point of time will he be much a loser, as we shall have to file a new answer to his amended bill. This amendment is objected to, not so much from any apprehension of its effect, when made, for we think it favorable to us, but to preserve a fair, certain and uniform practice. And if, under these circumstances, and at this late stage of the cause, this amendment is allowed, when shall we ever be ready for trial? New counts may be wished to be added, and new facts put in issue; thus the certainty of proceedings will be lost, the expense of suits augmented, and the practice of the court perplexed.

*By the Court.* When the court believes, that, by allowing an amendment, they will enable the

parties sooner to arrive at the determination of their differences, than by rejecting it, and the party who resists the amendment is unable to point out any injury which he is likely to sustain by the amendment; they will consider that injury would be done to both if they compelled the plaintiff to dismiss his suit.